FRED HUTCHINSON, PLAINTIFF IN ERROR,

*v.*

CITY OF OLYMPIA, DEFENDANT IN ERROR.

Sec. 62 of the Charter of the city of Olympia, conferring upon it exclusive control of its streets, creates a legislative implication that it is needful and desirable to have such control exercised, and imposes the responsibility of exercising that control as far as public convenience and safety may require. Sidewalks are a part of streets.

Subdivision of Section 3 of said Charter, requiring a petition of a majority of property owners, or a two-thirds vote of the Council, applies to the construction of sidewalks, and not to repair of those already constructed.

While in the absence of an express permissive statute, the State authorities are in conflict as to whether a private suit may be brought against the city for injuries resulting from defective sidewalks, the rule is clearly established in favor of such right by the Supreme Court of the United States, in case of *Barnes* v. *District of Columbia*, 1 Otto, 540.

The complaint in this cause states the following facts:

That the defendant city is a municipal corporation, under and by virtue of the laws of Washington Territory, and has the exclusive control of its streets and walks ; that it was the duty of defendant to keep Third street, in said city, and the sidewalks therein, in safe condition for pedestrians; that defendant neglected this duty ; that on the 1st day of October, 1882, and in the night time, the plaintiff, being unaware of danger, and exercising due care, was lawfully walking along said Third street, on the walk made for footmen ; that while so lawfully walking

thereon, the plaintiff was permanently injured by reason of the defective condition of said walk; that the walk was built by defendant, and owned and controlled by defendant; and that defendant had notice of its defective condition, and had failed to place lights or guards to warn persons of danger; that defendant had power and means to repair the same; that plaintiff was injured by reason of the gross negligence of defendant in the premises; that the street and walks in question have been used by defendant as a public highway for more than twenty years; that no one but defendant, its officers, agents and employees has exercised control of the said street for said time; that plaintiff has thereby been made a cripple for life; and that a claim for his damages has been made, and payment thereof refused. Special and general damages are claimed, in the sum of ten thousand dollars.

To this complaint the defendant, by its attorneys, filed a general demurrer, which was sustained by the Court.

Section 62 of defendant's charter is in these words: "The wards, streets and alleys within said city limits shall be under the exclusive control of the Common Council, who shall make all needful rules in regard to the improvement, repair, grading, cleaning, etc., etc., thereof; and for the purposes of this Act, said city shall not be included in any road district, but the road tax, due by law within the city, shall be collected as provided by ordinance." The 25th subdivision of Section 3 of the Charter empowers the Common Council to "construct and repair sidewalks," either upon petition of lot owners, or by a two-thirds vote of the Common Council.

*Bullard & McFadden*, and *C. W. Hartman*, for Plaintiff in error.

A municipal corporation like defendant, holding a voluntary charter, is responsible for its mere negligence in the care of its streets and walks.

In this respect there is a distinction between the liability of such a corporation, and that of a quasi-corporation, like a country town or district.

No act of defendant, and no act of the Legislative Assembly of the Territory, does or can relieve the defendant from liabil-

ity arising for injuries from the defective condition of its streets
and sidewalks. (*Barnes* v. *District of Columbia*, 1 Otto, 540;
*Mayor* v. *Henly*, 2 Clark & Finley, 331; *Mersey Docks* v.
*Gibbs*, 1 House of Lords, 93; *Scott* v. *Mayor*, 37th English Law
and Equity, 465; *Weightman* v. *Washington*, 1 Black, 39; *Ne-
braska City* v. *Campbell*, 2 Black, 590; *Robbins* v. *Chicago*, 4
Wallace, 658; *Supervisors* v. *United States*, 4 Wallace, 435;
*Mayor* v. *Sheffield*, 4 Wallace, 194; *Davenport* v. *Buckman*, 37
New York, 568; *Requa* v. *Rochester*, 45 New York, 129; *Roch-
ester* v. *W. L. Company*, 3 New York, 463; *Conrad* v. *Ithi-
ca*, 16 New York, 158; *Burton* v. *Syracuse*, 36 New York, 54;
*Browning* v. *Springfield*, 17 Illinois, 143; *Clayburn* v. *Chicago*,
25 Illinois, 535; *Springfield* v. *LeClair*, 49 Illinois, 476; *Smoot*
v. *Mayor*, 24 Alabama, 112; *Jones* v. *New Haven*, 34 Connec-
ticut, 1; *Mears* v. *Wilmington*, 9 Iredell, 73; *Commissioners* v.
*Duckett*, 20 Maryland, 463; *Pittsburg* v. *Grier*, 22 Pennsylva-
nia, 54; *Erie City* v. *Schwingle*, 22 Pennsylvania, 388; *Cook* v.
*Milwaukee*, 24 Wisconsin, 270; *Ward* v. *Jefferson*, 24 Wiscon-
sin, 342; *Sawyer* v. *Carse*, 17 Gratton, 241; *Richmond* v.
*Long*, 17 Gratton, 375; *Western College* v. *Cleveland*, 12 Ohio,
377; *McCombs* v. *Akron*, 15 Ohio, 476; *Rhodes* v. *Cleveland*,
10 Ohio, 159; Dillon on Municipal Corporations, 3d ed., Vol. 2,
Secs. 961, 962, 996, 789; and Vol. 1, Secs. 22, 66; Sherman
& Redfield on Negligence, 3d ed., Secs. 132, 133; *Furze* v. *New
York*, 3d Hill, 612; *Russell* v. *Columbia*, 74 Missouri, 481;
*Oliver* v. *Kansas City*, 69 Missouri, 79; *Manchester* v. *Erick-
son*, 15 Otto, 347; *Riley et al.* v. *New York*, 3d Hill, 538; *Doe*
v. *Doe*, 47 Illinois, 503; *Collins* v. *Council Bluffs*, 32 Iowa,
324; *Bloomington* v. *Bay*, 42 Illinois, 503; *Scammon* v. *Chica-
go*, 25 Illinois, 424; *Joliet* v. *Verley*, 35 Illinois, 58; *Janson* v.
*Atchison*, 16 Kansas, 380; *Topeka* v. *Tuttle*, 5 Kansas, 311; *At-
chison* v. *King*, 9 Kansas, 550; *Ottawa* v. *Washebough*, 11 Kan-
sas, 124; *Wyandotte* v. *White*, 13 Kansas, 191; *Smith* v. *Leav-
enworth*, 15 Kansas, 81; *West* v. *Brockport*, 16 New York, 161;
*Bell* v. *West Point*, 51 Mississippi, 268; *Oliver* v. *Worcester*,
102 Massachusetts, 499; *Norriston* v. *Mayor*, 67 Pennsylvania
State, 355; Cooley on Constitutional Limitations, 5th ed. 303;
*Township* v. *Moore*, 68 Pennsylvania State, 404; 2 Blackstone's
Commentaries, Chitty's 18th London ed., 219, 220; *Hutchinson*

v. *Montgomery*, 13 Alabama, 573; Angell & Ames on Corpora-
tions, 329; *Smith* v. *St. Joseph*, 45 Missouri, 449; *Ward* v.
*Jefferson*, 24 Wisconsin, 342; *Detroit* v. *Blakely*, 21 Michigan,
165; *Rankin* v. *Buckman*, 9 Oregon, 253; *Mayor* v. *Walden*,
49 Georgia, 316; *Detroit* v. *Blakely*, 21 Michigan, Opinion by
Cooley, 84; *Seattle* v. *Buzby*, July term, 1880; *Gas Company*
v. *San Francisco Company*, 9 California, 452; Code of 1881,
Secs. 661, 662.)

*Judson & Israel*, Attorneys for Defendant in error.

*Gerrit T. Thorn*, of Counsel.

At the common law there is no liability upon municipal cor-
porations to an individual for damages, by reason of its neglect
to keep its highways or streets in repair; and there is no rem-
edy against such a corporation at common law. There can be
no action in this Territory for such neglect, unless it is given by
statute. The common law governs unless superseded by stat-
ute. (*Russell* v. *Men of Devon*, 2d Term Reports, Durnford
and East, 667; *Winbigler* v. *Los Angeles*, 45 Cal. 36; *Detroit* v.
*Blakely*, 21 Mich. 84; Same Case in 4th American, 450; *East-
man* v. *Meredith*, 36 New Hampshire, 284; *Hill* v. *Boston*, 122
Mass. 344; *Wixon* v. *Newport*, 13 Rhode Island, 454; *Altnow*
v. *Town of Sibley*, 30 Minn. 186; *Kent* v. *Cheyenne*, 2 Wyo-
ming, 6; *Nevasota* v. *Pearce*, 46 Tex. 525; *Grand Rapids* v.
*Wyman*, 46 Mich. 516; *Oliver* v. *Worcester*, 102 Mass. 496,
499.)

This provision of the charter gives the extent of corporate
power that defendant has over the sidewalks within its corpo-
rate limits. There is no other statute giving any right of action
except Section 662 of the Code, which provides that action may
be maintained for an injury to the rights of plaintiff arising
from some act or omission of the corporation.

The plaintiff assumes that the duty of defendant to repair
sidewalks is mandatory; a ministerial duty that is positively
commanded or necessarily implied by the provisions of the char-
ter. We insist that the duty of the defendant in this matter is
very clearly judicial, and not discretionary. The power of a
city council in matters of street improvements is a specially del-

egated authority, and the acts of the city government thereunder are legal only when they are strictly in conformity with its directions. (Dillon on Municipal Corporations, 3d ed., Sec. 89; *Carron* v. *Martin*, 2 Dutcher, N. J. 594 ; *State, Terhune, Pros.* v. *Passaic*, 41 N. J. 90; *Allen* v. *City of Galveston*, 51 Texas, 302 ; *Butler* v. *Nevin*, 88 Ill. 575 ; *Gridley* v. *Bloomington*, Id. 36, p. 554; *Dore* v. *Milwaukee*, 42 Wis. 108 ; *Detroit* v. *Putnam*, 45 Mich. 263 ; *Cook Co.* v. *McCrea*, 93 Ill. 236 ; *McCan* v. *Otoe Co.*, 9th Neb. 234 ; *Summerville* v. *Dickerman*, 127 Mass. 272 ; *Greenough* v. *Wakefield*, Id. 275.)

Under the rules of strict construction enunciated in the cases *supra*, the absolute power of the common council to impose a special tax to build or repair walks, without petition or concurrence first being had or obtained, if not wholly wanting, must at least be extremely doubtful. (*Schackelton* v. *Guttenburg*, 39 N. J. Law, 660 ; *Minturn* v. *Lorne*, 23 Howard, W. S. 437, and cases there referred to ; *Chicago* v. *Rumpf*, 45 Ill. 90 ; *Merriam* v. *Moody*, 25 Iowa, 170; *Logan* v. *Pyne*, 43 Id. 524 ; Same Case, 22 Am. Rep. 231; *Lansing* v. *Toolan*, 37 Mich. 152; *Hines* v. *The City of Lockport*, 50 N. Y. 238 ; *Urquhart* v. *Ogdensburg*, 91 N. Y. 67; Thompson on Negligence, 731, and cases there referred to ; *Hover* v. *Barkhoof*, 44 N . Y. 113 ; *Marquette* v. *Clewry*, 37 Mich. 296 ; *Darling* v. *Bangor*, 68 Maine, 112.)

Under the Laws of Michigan since the Act of 1879, it is held that no liability is created for defective sidewalks. Under the provision of this act, a city is responsible for injuries occasioned by defects in the carriage-way or street proper, and in the cross walks, but not sidewalks. (*Detroit* v. *Putnam*, 45 Mich. 263; *O'Neill* v. *Detroit*, 50 Mich. 133.)

Opinion by GREENE, Chief Justice.

This is a suit in error to reverse a judgment which was rendered upon sustaining a demurrer to the complaint.

The single question submitted to this Court for its decision is, as to the liability of the city of Olympia, under its charter and the statutes of this Territory, to an action by a private person for an injury caused by the neglect of the city to repair a defect in one of its sidewalks.

Section 62, and Subdivision 25 of Section 3, appear to be the only parts of the defendant's charter material to be considered. These are as follows:

" Sec. 62. The wards, streets, and alleys within said city limits shall be under the exclusive control of the common council, who shall make all needful rules in regard to the improvement, repair, grading, cleaning, etc., etc., thereof, and for the purposes of this act, said city shall not be included in any road district; but the road tax due by law within the city shall be collected as provided by ordinance."

" Twenty-fifth." " To construct and repair sidewalks, and to remove obstructions from streets, alleys, sidewalks and sewers, and to levy and collect a special tax or assessment upon all blocks, lots, or parcels of land fronting on such streets, alleys, or sidewalks within the city limits, sufficient to pay the expenses of such improvement, or repair, or removal of obstruction ; and for such purpose may establish districts consisting of the blocks, lots, or parcels of land fronting in the whole or such portions of the street, alley, or sidewalk to be made or repaired, as may be deemed advisable. A lot or parcel of land shall be deemed to front on an alley when such alley runs through it, or it shall touch upon said alley. But in no case shall such sidewalk be built, and such assessment be made or tax levied to pay therefor, unless a majority of the property owners in such district shall, by petition to the Common Council, ask for the same, or two-thirds of the members of the Common Council assent thereto, by vote at a regular meeting."

That these sections cast on the city the duty of keeping its sidewalks in repair, we entertain no doubt. It is to be observed that Section 62 gives the city " exclusive control " of the streets, and expressly devolves upon it the function of making " all needful rules in regard to the improvement and repair thereof." This grant of " exclusive control " implies that control is deemed by the Legislature desirable and necessary for the accommodation of the public, and imposes the duty of exercising that control as far as public convenience and safety may require. The imposition of the duty to make " all needful rules " for the improvement and repair of streets, implies that rules will be needed —that is to say, because public use and welfare will demand

such improvements and repairs. We think that the provisions of this section, taken by themselves, impose a manifest duty upon the municipality to keep its streets in repair; and if its streets, then also its sidewalks, for they are a part of its streets.

Subdivision 25 has been assumed by defendant to qualify Sec. 62, and to indicate that the Legislature intended not to charge the city with any such duty. Defendant bases this assumption upon the supposition, that, according to this subdivision, there can be no repair of a sidewalk, except upon one or the other of two contingences, namely : a petition by a majority of property owners, or a two-thirds vote of the Council. But the language used, as we read it, does not say or import any such thing. It only says, that without such petition or vote there shall in no case a " sidewalk be built," and an " assessment be made or tax levied to pay therefor." " Therefor " means *for the sidewalk being built.* " Built " means *constructed.* Between building and repairing there is a plain distinction.

To build a sidewalk in a country town, or in an unfrequented quarter of a city, might be a very inexpedient, because a needless, public work. But if a sidewalk, once built, be not kept in repair, it becomes directly a positive offense to the public, a man-trap and a nuisance.

As regards the liability of a city like Olympia to a private action, in a case like this, except by authority of express statute giving the right to sue, there is considerable conflict among the authorities, and many shades of distinction are made in endeavors to reconcile them. The various views arc presented, and the cases pro and con discussed in Dillon on Municipal Corporations, and in the cases of *Burns* v. *The District of Columbia,* 1 Otto, 540; *Hill* v. *Boston,* 122 Mass. 344, and 21 Mich.

In *Burns* v. *The District of Columbia,* the Supreme Court of the United States declare unequivocally in favor of the liability. It does not seem to us to have been necessary for the decision of that case to have asserted so broad a doctrine; but that the Court intended to assert it, and to plant their decision upon it, there can, we think, be no mistake. We regard that decision as binding upon us, and conclusive of this case as to the liability of the city.

Such being our opinion, we do not think it necessary or wise

to consider the question of whether Sections 661 and 662 of the Code do not make all municipal or *quasi* corporations liable to private action for personal injuries caused by their neglect of duty owed to the public.

The decision of the Court below will be reversed, and the cause remanded for further proceedings.

We concur : S. C. WINGARD, Associate. Justice.

GEORGE TURNER, Associate Justice.